# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DENISE TURNER BECNEL, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Civil Action No. 21-cv-00692 |
| v. ) | |
| ) | |
| CU RECOVERY, INC. ) | |
| ) | Jury Demanded |
| DEFENDANT. ) | |

## COMPLAINT

Plaintiff, Denise Becnel, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here, and Defendant transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with attempt to collect an alleged debt from Plaintiff. *Bellwood v. Dwivedi*, 895 F.2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from

misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

5. Plaintiff was injured as Plaintiff believed that she could pay other debts before she paid her debt to University of Illinois Community CU account.

## PARTIES

6. Plaintiff, Denise Becnel ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted University of Illinois Community CU account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7. Defendant CU Recovery, Inc., ("CUR") is a Wyoming corporation that does or transacts business in Illinois.

8. CUR is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. CUR holds a collection agency license from the State of Illinois.

10. CUR is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

11. Plaintiff incurred a debt for goods and services used for personal family or household purposes, originally for University of Illinois Community Credit Union ("University of Illinois) consumer account ("alleged debt"). The debt is thus a "debt" as that term is defined at § 1692a(6) of the FDCPA.

12. Plaintiff used the account primarily for personal and household purposes.

13. The debt is thus a "debt" as that term is defined by § 1692a(5) of the FDCPA.

14. Due to her financial circumstances, Plaintiff could not pay the debt and it went into default.

15. University of Illinois charged off the debt.

16. University of Illinois subsequently assigned the debt to CUR for collection.

17. In December of 2020, CUR communicated credit information regarding the alleged debt to the Transunion consumer reporting agency, including an account number, the original creditor, and a balance. (Exhibit A, Excerpt of Plaintiff's TransUnion credit report)

18. On or about December 1, 2020, CUR sent a collection letter ("Letter") to Plaintiff regarding the alleged debt. (Exhibit B, Collection Letter).

19. The Letter conveyed information regarding the alleged debt, including the identity of the creditor, an account number, and an amount owed on the alleged debt.

20. The Letter was thus a communication as that term is defined at §1692a(2) of the FDCPA.

21. The Letter states that there is a total Principal of $13,330.17.

22. On or about January 13, 2021 CUR communicated credit information regarding the alleged debt to the TransUnion consumer reporting agency, including an account number, the original creditor, and a balance. (Exhibit A, Excerpt of Plaintiff's TransUnion credit report).

23. CUR communicated a balance of $12,799.

24. Plaintiff had not made any payments on the alleged debt.

25. Either the credit information communicated to Plaintiff in the Letter – that the account balance on December 1, 2020 was $13,330.17 – or the credit information communicated to TransUnion – that the account balance on January 13, 2021 was $12,799.00 – was false; both amounts cannot be correct as the account balance cannot *decrease* over time in the absence of any payments.

26. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (2) The false representation of—**
>
> **(A) the character, amount, or legal status of any debt. . .**
>
> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

27. CUR communicated credit information which it knew or should have known to be false, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(8), when it communicated varying balances on an alleged debt to TransUnion and to Plaintiff.

28. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F. 3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff re-alleges above paragraphs as set forth fully in this count.

30. CUR communicated credit information which it knew or should have known to be false, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(8), when it communicated varying balances on the same alleged debt to TransUnion, and to Plaintiff.

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

  A. Statutory damages from Defendant CPI pursuant to 15 U.S.C. §1692k(a)(2);

  B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

  C. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiffs demand trial by jury.

By: s/Michael Wood
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers, LLC**
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com